### DAVIS v. SPINNING et al.

No. 11626—Opinion Filed July 24, 1923.

Rehearing Denied Oct. 14, 1924.

(Syllabus.)

**Appeal and Error—Review of Equity—Reversal.**

In all cases of equitable cognizance, this court on appeal will weigh the evidence and determine which side has the clear weight of the evidence, and, when the judgment of the trial court is clearly against the weight of the evidence, will render or cause to be rendered such judgment as the trial court should have rendered.

Error from District Court, Pawnee County; Redmond S. Cole, Judge.

Action by Baxter Davis against R. C. Spinning, John Robedeaux, and C. B. Baker to cancel deed and quiet title. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with directions.

T. S. Hurst, for plaintiff in error.

Edw. R. McNeill, for defendants in error.

COCHRAN, J. This action was commenced by Baxter Davis, plaintiff in error, against R. C. Spinning, defendant in error, to cancel a deed and to quiet the title of the plaintiff in error to certain property situated in Pawnee county, Okla. The parties will hereinafter be referred to as plaintiff and defendant, as they appeared in the trial court.

On August 27, 1918, John Robedeaux executed and delivered to the plaintiff, Baxter Davis, a warranty deed to the lands in controversy, Davis giving his check for $100, a note for $856, and assuming a mortgage of $2,044. On October 23, 1918, Robedeaux executed a warranty deed to R. C. Spinning, who agreed to pay for the property $3,500 by taking up the debt of $1,400 which Robedeaux and his parents owed Spinning and Spinning also agreed to build a house on other property belonging to Robedeaux to cost about $1,000, and agreed to pay the rest of the purchase money to Robedeaux's parents. Spinning paid as a cash consideration the sum of $10 for the execution of the deed. Davis brought this suit to cancel the Spinning deed, and Spinning answered that he was the owner of the property and that the deed executed by Robedeaux to Davis was intended, as a mortgage instead of a deed. The case was tried before a jury, and the jury found that the deed from Robedeaux to Davis was not intended as a mortgage. The trial court declined to approve the verdict of the jury and held that the deed to the plaintiff was given as a mortgage and decreed the title to be in Spinning, subject to the Baker mortgage. The plaintiff contends that the judgment in this case is against the clear weight of the evidence.

We have examined the record, and it appears to us that the judgment of the trial court is clearly against the weight of the evidence, and this being an equity case, it is our duty to weigh the evidence and determine which side has the clear weight of the evidence and decide this appeal accordingly. It appearing to us that the clear weight of the evidence is in favor of Baxter Davis, the judgment of the trial court is reversed, and cause remanded, with directions to enter judgment canceling the deed from Robedeaux to Spinning and quieting plaintiff's title to the lands, subject to the lien of the Baker mortgage.

JOHNSON, C. J., and KENNAMER, NICHOLSON, BRANSON, HARRISON, and MASON, JJ., concur.

On Rehearing.

PER CURIAM. A careful re-examination of the record in this case convinces us that the judgment of the trial court is clearly against the weight of the evidence, and that the former opinion is correct. Therefore, the former opinion is reinstated and adhered to, the order granting a rehearing is vacated, and the petition is denied.